IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BRIAN PAUL | § | |
| v. | § | CIVIL ACTION NO. 6:15cv166 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION FOR RELIEF FROM JUDGMENT</u>

The Petitioner Brian Paul, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Paul was convicted of aggravated robbery on May 24, 2010, receiving a sentence of 50 years in prison. His conviction was affirmed on direct appeal and his petition for discretionary review was refused by the Texas Court of Criminal Appeals on February 6, 2013. Paul filed a state habeas corpus application on May 14, 2014, which was denied without written order by the Texas Court of Criminal Appeals on February 11, 2015. His federal habeas corpus petition was mailed to the Court by a person named Kristi Johnson on March 4, 2015.

After review of the pleadings, the Magistrate Judge issued a Report recommending that Paul's petition be dismissed as barred by the statute of limitations. When Paul did not object, the Court dismissed his federal habeas corpus petition on January 12, 2016. Paul filed an appeal on March 10, 2016, but the appeal was dismissed as untimely on July 21, 2016.

1

## II. The Motion for Relief from Judgment

On October 12, 2016, Paul filed a motion for relief from judgment under Fed. R. Civ. P. 60(b). In this motion, he argued that his petition for discretionary review was denied on February 27, 2013, not February 6. He also contended that he has never received any official notice of the outcome of his state habeas petition because the notification was sent to the Telford Unit while he was in the Smith County Jail. Thus, he states he had to rely on his mother and the Internet to discover the outcome of his state petition.

In reviewing Paul's motion for relief from judgment, the Magistrate Judge observed that Paul's petition for discretionary review was denied on February 6 and on February 27, Paul's *pro se* motion for rehearing was rejected for non-compliance with Tex. R. App. P. 79.2(c). This is not equivalent to the denial of discretionary review and the limitations period is not calculated from that point. *England v. Quarterman*, 242 F.App'x 155, 2007 U.S. App. LEXIS 16742, 2007 WL 2083605 (5th Cir., July 13, 2007).

The Magistrate Judge further stated any delay in notification of the outcome of Paul's state habeas proceeding did not prejudice his legal rights because his state habeas application was filed after the federal limitations period had already expired and thus did not revive any portion of that period. Finally, the Magistrate Judge concluded that Paul failed to show that he had been diligent in challenging his conviction; Paul's petition for discretionary review was denied on February 6, 2013, and a motion for rehearing was rejected as non-compliant on February 27, 2013, but from that point, Paul took no action with regard to his conviction for over a year, filing his state habeas application on May 14, 2014.

The Magistrate Judge therefore recommended that Paul's motion for relief from judgment be denied. Paul received a copy of this Report on December 22, 2016, but filed no objections thereto; accordingly, he is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the

district court.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.")  It is accordingly

**ORDERED** that the Report of the Magistrate Judge (docket no. 22) is **ADOPTED** as the opinion of the District Court.  It is further

**ORDERED** that the Petitioner's motion for relief from judgment (docket no. 20) is **DENIED**.  Fed. R. Civ. P. 60(b).

**So Ordered and Signed**
**Feb 8, 2017**

Ron Clark, United States District Judge

3